## In re ROXY LIQUOR CORPORATION. ROCKLIN et al. v. McKEY.
### No. 7066.

Circuit Court of Appeals, Seventh Circuit.
Nov. 17, 1939.

Alfred E. Roth, of Chicago, Ill., for appellants.

Edmund D. Adcock and John W. Day, both of Chicago, Ill., for appellee.

Before SPARKS, MAJOR, and TREANOR, Circuit Judges.

534

TREANOR, Circuit Judge.

The Roxy Liquor Corporation, with which the petitioners were connected, was adjudicated a bankrupt in April, 1937, and thereafter the respondent, as trustee in bankruptcy, filed a petition seeking a turnover order against the petitioners. As a result of a hearing on the trustee's petition it was found and adjudged " * * * that the said $8000 and $19,450 are now in the possession of the said Herman Rocklin and John Rocklin * * *", and the turnover order was entered March 12, 1938. On September 14, 1938, the Referee in Bankruptcy, after a hearing, filed a certificate finding the petitioners in contempt of court for failure to comply with the turnover order; and on October 6, 1938, there was a hearing before the District Court on the Referee's certificate, and the court found the petitioners guilty as charged and as recited in the certificate of the Referee. The court's order directed that the motion of the respondent for commitment of petitioners be continued until December 5, 1938, and on the expiration date was continued until February 20, 1939. Petitioners were not actually incarcerated until April 17, 1939.

On June 28, 1939, petitioners filed the petition which is involved in this appeal, and which sought a discharge from custody, or, in the alternative, a temporary release. The petitioners set out in their petition that criminal charges were pending against them for violation of the Bankruptcy Act and that they had been advised by counsel that it was unwise and prejudicial to their defense to the criminal charges now pending against them to make any public disclosure of any facts and material which would be used in their defense of the criminal charges against them. The petition contains the following:

"That because of the prejudices that might result in making public at this time a petition containing certain facts wherein the said respondents would ask for discharge from further confinement, and because the evidence would necessitate facts vital to their defense to the criminal charges, your petitioners are unable, upon advice of counsel, to make such a petition and offer the necessary evidence in support of it, which if believed, would entitle them to their discharge.

"That they are presently unable to comply with the said turnover order entered by your Honor, and as further evidence of their inability to comply, have demonstrated the same by the confinement they have suffered in the Cook County Jail for a period of fifty-four (54) days."

The petition prayed for a temporary release, or in the alternative, a hearing on the question of present ability to comply with the turnover order. The District Court denied the request for a temporary release and sustained respondent's motion to strike and dismiss the petition. Petitioners urge that the trial court erred both in denying their prayer for a temporary release and in striking and dismissing their petition.

We are of the opinion that there was no error in the trial court's refusal to grant petitioners' prayer for temporary release from custody. Such action on the part of the District Court would have been a matter of grace and not an exercise of true judicial discretion. It was within the discretion of the trial court to continue the motion for commitment; but when the trial court sustained the motion to commit and when the petitioners actually had been incarcerated under the order of commitment, the petitioners were without legal right to invoke an exercise of discretion by the court on the question of temporary release.

Petitioners present a substantial question by their contention that they were entitled to a hearing on the question of their present inability to comply with the turnover order and that the District Court erred in striking and dismissing. As to the alleged error in sustaining the motion to strike and dismiss petitioners urge that the allegation in the petition "that they are presently unable to comply with the said turnover order" is an allegation of fact, which if true, entitles them to release from further custody. Consequently, the petitioners argue that the allegation is sufficient, as against a motion to strike and dismiss, to require a hearing for the purpose of enabling them to introduce evidence in support of the allegation.

On the other hand, the respondent urges that the finding and order in the turnover proceeding was an adjudication of the fact that the petitioners had the property in question in their possession and control and that such adjudication creates a presumption that they still have the property and a present ability to turn over the same. The legal consequence of the foregoing, so respondent argues, is that the presumption must be neutralized, as a matter of plead-

ing, by an allegation of facts which disclose a present inability resulting from something which has occurred since the entry of the turnover order.

■ Respondent's contention finds support in the statements of the Supreme Court in the case of. Oriel v. Russell.[1] In the foregoing case the bankrupt had been committed for failure to deliver books and property to the trustee as requested by the turnover order. No appeal had been taken from the turnover order, as is true in the instant case, and on the hearing on the motion to commit, the bankrupt attempted to introduce evidence on the issue whether at the time of the turnover order he had the books in his possession or control. The lower court had held that the turnover order could not be attacked collaterally and that the only evidence which was relevant on the motion to commit for contempt was evidence tending to show that since the turnover order had been entered circumstances had happened which caused the inability of the bankrupt to comply with the order. The Supreme Court emphasized the seriousness of a turnover order and expressed the opinion that in a proceeding in bankruptcy for a turnover order a mere preponderance of evidence is not enough to justify the making of an order; and stated that such an order should be supported by clear and convincing evidence. But the order having been made the consequences to be attached thereto were stated as follows: "Being made, it should be given weight in the future proceedings as one that may not be collaterally attacked by an effort to try over the issue already heard and decided at the turnover. Thereafter on the motion for commitment the only evidence that can be considered is the evidence of something that has happened since the turnover order was made showing that since that time there has newly arisen an inability on the part of the bankrupt to comply with the turnover order."

The foregoing holding of the Supreme Court clearly is sound and has been restated in various forms by federal courts. The rule has been applied regularly in hearings on a rule to show cause why one who has failed to obey a turnover order should not be committed for contempt. The same reasons require its application in hearings upon a petition by the contemnor to be discharged from custody because of present inability to obey a turnover order.

■ The petitioners' mere statement of present inability to comply with the order necessarily presupposes the existence of a fact, or facts, which produce the inability. Consequently, the allegation that petitioners are presently unable to obey the order is more of a factual conclusion of petitioners than an allegation of a fact. Rule 8(a)(2) of the New Code of Civil Procedure, 28 U.S.C.A. following section 723c, requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Under the holding of the Supreme Court in the Oriel case it would seem that in order for petitioners' statement of claim to show that they are entitled to relief it would be necessary to state that the present inability is caused by a factual situation which has developed since the entry of the turnover order. We think that such an allegation would be sufficient as against a motion to strike and dismiss. If such an allegation had been made, the respondent could have obtained a statement of the particular facts relied upon to constitute the present inability by moving for a more definite statement.

We are of the opinion that the allegation that the petitioners "are presently unable to comply with the turnover order" is not a sufficient statement to show that the petitioners are entitled to the relief. But if we assume that it is of itself sufficient we cannot ignore other allegations in the petition which informed the District Court that the petitioners could not introduce evidence to sustain their allegation. And such is the clear meaning of the statement that "your petitioners are unable, upon advice of counsel, * * * (to) offer the necessary evidence in support of it which if believed would entitle them to their discharge." Indeed the necessary inference from the full allegation of the petition is that the petitioners realized that they were not alleging sufficient facts "to make such a petition" as would entitle them to their discharge. In short, in one and the same petition the petitioners ask for relief and inform the court that, upon advice of counsel, they cannot allege necessary facts in the petition to justify the granting of the relief asked for and that, even if they are granted a hearing, they cannot present evidence necessary to support these facts.

The District Court was not required to grant a hearing upon a petition which informed the court that the hearing would be

---

[1] 278 U.S. 358, 49 S.Ct. 173, 174, 73 L.Ed. 419.

useless. There was no error in striking and dismissing the petition.

Petitioners state in paragraph 10 of their petition that they have been confined in the Cook County jail for a period of 54 days and that this is further evidence of their inability to comply with the turnover order. This is, as petitioners assume, merely evidence. But it is evidence which courts have recognized as having some probative value. In the course of a hearing it would be proper for the court to consider the fact that the petitioners have steadfastly remained in jail as some evidence of a circumstance or condition which petitioners might contend had created their inability to obey the order. The probative value rests upon the fact that they have the legal power to end their confinement at any time by turning over the property, and upon the assumption that ordinarily one would rather turn over the property, if able to do so, than to remain in prison. But such endurance of confinement cannot be the basis of an inference that something has happened since the issuance of the turnover order to cause the present inability, in the absence of a contention that something has happened. We are unable to see how petitioners' case is aided by the inclusion of this evidentiary matter in the petition.

We conclude that the District Court did not err in sustaining the motion to strike the petition. The order of the District Court is affirmed.